**F I L E D**

**UNITED STATES COURT OF APPEALS**

DEC 18 2003

**TENTH CIRCUIT**

RONALD J. CESTNIK,

     Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS,
named as United States Bureau of
Prisons,

     Defendant-Appellee.

No. 03-1124
(D.C. No. 01-WM-1118 (BNB))
(Colorado)

**ORDER AND JUDGMENT**\*

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

     The district court dismissed Ronald J. Cestnik's medical malpractice claims

against the United States under the Federal Tort Claims Act (FTCA).[1]  We affirm.

---

     \*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore submitted without oral argument.  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

     [1]Originally, Mr. Cestnik brought both negligence and medical malpractice
claims against the United States Bureau of Prisons.  The Bureau brought a motion

(continued...)

The facts surrounding Mr. Cestnik's claims were aptly laid out in the

magistrate judge's recommendation and are excerpted here:

> The plaintiff is presently confined at FCI Englewood in Littleton, Colorado. . . . On or about the morning of April 22, 1998, the plaintiff slipped on ice while walking on a ramp to the recreation department. The ramp was not marked and was not cleared of ice. The plaintiff fell and injured his right knee. The plaintiff reported the fall to medical staff at FCI Englewood. The plaintiff was provided with medication and rehabilitation, but continued to suffer pain and dysfunction in the knee.
> The plaintiff filed an administrative tort claim, which was denied on December 14, 2000. Pursuant to 28 U.S.C. § 2401(b), the plaintiff filed this action within the requisite six months of the denial of his administrative tort claim.
> The plaintiff brings two claims under the [FTCA]. The claims allege (1) negligence in failing to obtain an MRI, failing to alleviate the plaintiff's pain and suffering, and failing to correct the injury; and (2) negligence "for deliberate medical indifference that might have resulted in permanent and irreparable damage to the Plaintiff's knee" and for withholding treatment to the knee.

Record at tab 42, pages 1-2.

The government sought to dismiss Mr. Cestnik's complaint on the basis of

his failure to file a certificate of review, required as a condition precedent to any

professional malpractice suit under Colorado law. *See* Colo. Rev. Stat. § 13-20-

---

[1](...continued)
to dismiss on the basis of Mr. Cestnik's failure to file within the statute of limitations. The magistrate judge recommended and the district court ordered dismissal of some, but not all, of Mr. Cestnik's claims on these grounds. The only claims remaining after granting of the Bureau's motion were those relating to medical malpractice. As such, the Bureau moved to substitute the United States as defendant, and the motion was granted.

602. The magistrate judge granted Mr. Cestnik a three-month extension of time to file the required certificate. Unable to retain a physician to perform the exam necessary for a certificate, Mr. Cestnik moved for appointment of an expert pursuant to Federal Rule of Evidence 706, which was denied. When Mr. Cestnik's extension of time expired, the government again moved for dismissal, which the district court granted. Mr. Cestnik appeals both the denial of a court-appointed expert and the dismissal of his claims.

The government contends Mr. Cestnik's failure to object formally within ten days to the denial of an expert deprives us of jurisdiction to review the matter. The government is correct that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order," and that "a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made." FED. R. CIV. P. 72(a). But we have made an exception to this waiver rule for parties proceeding *pro se* who lack specific notice of the consequences of failing to object:

> [i]n proceedings in which a party appears without benefit of counsel, we shall exercise our supervisory power and require magistrates within the circuit to inform a pro se litigant not only of the time period for filing objections, but also of the consequences of a failure to object . . . . This notice should be included in the text of the document containing the magistrates findings and recommendations.

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The order denying Mr. Cestnik's motion for appointment of an expert included no such warning, so

-3-

he did not waive his objection and we have jurisdiction to consider it.

A court's authority to appoint an expert under Rule 706 is discretionary and we may only overturn the denial of such a motion for abuse of discretion. *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). Under this standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994). Given the relative lack of complexity of Mr. Cestnik's case and his failure to submit any evidence that he was financially unable to retain his own physician, we cannot say the refusal to appoint an expert constituted abuse of discretion.

Contending Colorado's certificate of review requirement is inapplicable and the government's motion to dismiss was untimely filed, Mr. Cestnik seeks reversal of the district court's dismissal. Neither contention has merit.

When a plaintiff brings suit against the United States under the FTCA, state substantive law applies. *See* 28 U.S.C. § 1346(b)(1); *Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990). We have held Colorado's requirement of this certificate to be a substantive, rather than procedural, rule of law. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996). As such, it is applicable to Mr. Cestnik's FTCA claims, even though he is proceeding *pro*

*se*. *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. Ct. App. 2003). Mr. Cestnik concedes his complaint lacks the required certificate of review. Colorado law, as applied to Mr. Cestnik's claims through the FTCA, therefore requires dismissal of his complaint. *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. Ct. App. 1995).

Mr. Cestnik asserts the government failed to timely move for dismissal based on his failure to file a certificate of review. The government filed two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). It brought and the court granted the first because of Mr. Cestnik's failure to file some of his claims within the statute of limitations. When the government filed its first motion to dismiss, however, the time for Mr. Cestnik to file his certificate of review had not yet expired. Once that time had run, the government brought a second motion. Mr. Cestnik's insistence that the government should have brought its motion to dismiss for failure to file a certificate of review along with the one based on the statute of limitations is unwarranted. The government moved to dismiss when the relevant situation arose, and the district court properly granted the motion.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-