**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE SWAILS, | No. 09-17196 |
| Plaintiff - Appellant, | D.C. Nos.  2:07-cv-00864-LRH-RJJ |
| | 2:07-cv-01329-LRH-RJJ |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 6, 2010[**]
San Francisco, California

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

Appellant George Swails ("Swails") appeals the dismissal of his lawsuit

against the United States of America under the Federal Tort Claims Act ("FTCA"),

28 U.S.C. §§ 1346(b), 2401, 2671-2680.  We review de novo the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal without prejudice or leave to amend. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 772 (9th Cir. 2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's decision.

Swails's suit against the United States arises out of treatment for the infection of his finger. **SER 3.** Swails was treated at the North Las Vegas Family Health Center by P. James Somers, a physician assistant. **SER 2.** Both the Center and Mr. Somers are covered under the FTCA by operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n). The district court dismissed Swails's suit, finding that he had failed to submit an affidavit of merit as required by law. Swails appeals the district court's dismissal, arguing that the affidavit requirement does not reach his claim because he did not file suit against a physician or hospital. We disagree.

Claims made under the FTCA are governed by the substantive law of the state in which the claim arose. 28 U.S.C. § 1346(b)(1). Nevada law provides:

> If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

Nev. Rev. Stat. § 41A.071. Medical malpractice, in turn, is defined as "the failure of a physician, hospital or employee of a hospital, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances." *Id.* § 41A.009. Finally, a physician is defined as "a person licensed pursuant to chapter 630 or 633" of the Nevada Revised Statutes. *Id.* § 41A.013. Physician assistants, such as Somers, are licensed under chapter 630, *see id.* § 630.015, and are therefore physicians for the purposes of a medical malpractice claim. We conclude that Swails has alleged a medical malpractice claim and was obliged to submit an affidavit of merit when he filed suit.[1] Swails's arguments to the contrary are unavailing. The state's statutory definitions are clear. "Where a statute is clear on its face, a court may not go beyond the language of the statute in determining the legislature's intent." *McKay v. Bd. of Supervisors*, 730 P.2d 438, 441 (Nev. 1986); *see also United States v. Leal-Felix*, --- F.3d ---, No. 09-50426, 2010 WL 4273363, at *7 (9th Cir. Nov. 1, 2010) ("'[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the statutory language is plain, the sole function of the courts—at least where the

---

[1] Swails's own complaint supports the conclusion that he has filed a medical malpractice claim. He labeled it as such in his first complaint in state court, *see* **ER 40**, and his allegations involve Somers' and the Center's duty to "exercise reasonable care for [his] health and safety." **SER 2.**

3

disposition required by the text is not absurd—is to enforce it according to its terms.'" (quoting *Carr v. United States*, 130 S. Ct. 2229, 2242 (2010))).

The Nevada Supreme Court has held that a complaint filed without the supporting affidavit is "void ab initio, meaning it is of no force and effect." *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 148 P.3d 790, 794 (Nev. 2006). Such a complaint "does not legally exist and thus it cannot be amended." *Id.* Accordingly, the district court properly granted the government's motion to dismiss without prejudice.

**AFFIRMED.**