# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50005

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2014

Lyle W. Cayce
Clerk

DARRYL DEWAYNE FRAZIER,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; WARDEN M. TRAVIS BRAGG, Federal Correctional Institution La Tuna; CHRIS SHACKS, Assistant Warden, Federal Correctional Institution La Tuna; MS. BEST, Administrator, Federal Correctional Institution La Tuna; LAVERNE REESE, Unit Manager, Federal Correctional Institution La Tuna; DOCTOR  ALTENBERG, Medical Director, Federal Correctional Institution La Tuna; R SANCHEZ, Practitioner, FSL La Tuna; UTILIZATION REVIEW COMMITTEE; JOHN/JANE DOES, in both Personal and Professional Capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-434

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-50005

Darryl Dewayne Frazier, federal prisoner # 69201-080, proceeding *pro se* and *in forma pauperis*, filed this action in January 2012 against the United States (Government), the Bureau of Prisons (BOP), the warden of Federal Correctional Institution La Tuna (FCI La Tuna), the La Tuna Utilization Review Committee (La Tuna URC), and various staff members and medical personnel at Federal Satellite Low La Tuna (FSL La Tuna) (an associated low-security institution under the FCI La Tuna umbrella).  The district court dismissed this action.  AFFIRMED; Frazier's motions DENIED.

### I.

This action arose from the denial of surgery to treat a chronic scalp condition, diagnosed in 2000.  Frazier presented four claims:  (1) prison personnel acted negligently and with careless disregard by denying him surgery to save money, making the Government liable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2674 (FTCA), because (claim one); (2) Appellees were deliberately indifferent, in violation of the Eighth Amendment, to his medical needs and acted "in concert" to deny him surgery (claim two); (3) Appellees engaged in a continuing tort because his scalp condition posed a daily risk of infection (claim three); and (4) individual, nonmedical Appellees (Bragg, Shacks, Best, and Reese) violated his First Amendment rights by retaliating against him for filing administrative complaints and by denying him access to the courts (claim four).

This action was referred to a magistrate judge (MJ).  On 10 January 2012, the MJ ordered officials at FCI La Tuna to provide authenticated copies of various records from 1 November 2009 to the date of the order, including medical, disciplinary, classification, and grievance records.  In February 2012, after the required documents had been filed, the MJ ordered service on Appellees.

No. 13-50005

Appellees, including the Government, filed a joint motion to dismiss claims two–four, or in the alternative, for summary judgment. The Government separately answered claim one (FTCA).

In his October 2012 report and recommendation, the MJ provided the following findings. Frazier was transferred to FCI Seagoville in 2002. In 2008, he was evaluated and treated by a dermatologist for alopecia and prescribed an antiseptic and antibiotics. In 2009, he continued to receive treatment for his condition; that July, a dermatologist recommended surgical excision by a plastic surgeon and a plastic-surgery consultation was initiated. That November, Frazier was seen again by a dermatologist, who prescribed medications and recommended surgical excision by a plastic or general surgeon. Again, a plastic-surgery consultation was initiated.

Prior to a decision regarding surgery being made, Frazier was transferred to FSL La Tuna. In April 2010, Appellee Dr. Altenberg (La Tuna clinical director and URC chair) reviewed the consultation and recommended denying surgery because it was not medically necessary and the risks outweighed the benefits. La Tuna URC followed this recommendation and denied surgery. Medical staff at La Tuna treated Frazier with antibiotics, prescription shampoos, oral medication, and steroid injections.

Following a medication-ineffectiveness complaint in July 2010, a plastic-surgery consultation was initiated, but disapproved by La Tuna URC. After an October 2010 assessment, a dermatology consultation was initiated and later disapproved by La Tuna URC (after determining the consultation was cosmetic in nature).

In November 2011, Frazier was transferred from FSL La Tuna to the adjacent FCI La Tuna. Frazier continued to receive treatment with antibiotics,

3

No. 13-50005

prescription shampoo, and steroids, although medications were periodically adjusted.

Based on these findings, the MJ recommended dismissing claims two–four because: the district court lacked subject matter jurisdiction for Frazier's claims against the Government and individual Appellees in their official capacities; Bragg, Shacks, Best, and Reese were not personally involved in Frazier's medical treatment, nor did they implement the relevant policies (moreover, Frazier failed to establish Appellees acted with deliberate indifference to a serious medical need); the continuing-tort doctrine was inapplicable; and, finally, summary-judgment evidence demonstrated Appellees had not interfered with Frazier's mail, given that he was able to both exhaust his administrative remedies and file numerous papers in this action. On the other hand, the MJ recommended claim one (FTCA) be allowed to proceed.

Frazier objected to the report and recommendation. On the other hand, he did not dispute the findings; instead, he insisted they supported his claims. Additionally, he claimed, *inter alia*, he was not given an opportunity "to obtain depositions, interrogatories, and any other discovery in [this] case". (Frazier failed to suggest, however, what additional discovery would disclose.)

In a 30 October 2012 order, the district court overruled Frazier's objections, accepted the report and recommendation, and focused on whether Appellees were entitled to judgment as a matter of law (in the light of Frazier's concurrence with the MJ's findings). Order Adopting Rep. and Recommendation for Mot. to Dismiss, Mot. for Summ. J. at *15–16, *Frazier v. United States*, No. 3:11-CV-434 (W.D. Tex. 30 Oct. 2012). Regarding claim two (deliberate indifference), the court ruled it lacked jurisdiction to address claims against the Government, BOP, and La Tuna URC. *Id.* at *12–14. Moreover, Frazier's

4

assertions were, at most, "a disagreement over his treatment" and as such could not support an Eighth Amendment claim. *Id.* at *13. Because individual Appellees' actions did not amount to a constitutional violation, they were entitled to qualified immunity. *Id.* at *14. For claim three (continuing tort), the court ruled the statute of limitations was not an issue because Frazier timely filed his complaint; therefore, the continuing-tort doctrine was inapplicable. *Id.* at *14–15. Finally, for claim four (access to courts), the court ruled Frazier failed to demonstrate error in the report-and-recommendation's analysis. *Id.* at *15.

Accordingly, the court ruled Appellees were entitled to judgment as a matter of law on claims two–four. *Id.* For the remaining claim (FTCA), for which the Government was the sole defendant, the court ordered it and Frazier to submit dispositive motions. *Id.* at *16. Additionally, the district court ordered Frazier to:

> DISCLOSE to the Court and the Government no later than [16 November 2012] the identity of any witness he may use to present evidence under Federal Rule of Evidence 702, 703, or 705, and to provide to the Court and the Government the written report of any witnesses retained or specially employed to provide expert testimony at a bench trial . . . .

*Id.* at *17.

In response, on 13 November 2012, Frazier submitted a potential-witnesses list, in which he noted: "At the present time Plaintiff has not retained or specifically employed any expert witness, and is currently awaiting the response from potential expert witness, Warren Kelly [sic], a licensed and certified Dermatologist in Seagoville, Texas."

On 16 November 2012, the Government filed a motion to dismiss or, alternatively, for summary judgment, claiming: Texas provided the substantive law underlying liability for the FTCA claim, *see* 28 U.S.C.

§ 1346(b)(1); for a medical-malpractice claim, plaintiff must have a medical expert identify specifically the relevant standard of care in order to raise a fact issue sufficient to defeat summary judgment; Frazier failed to establish his injuries were proximately caused by a breach of that standard of care because he did not provide expert medical evidence; as a result, he could not show the Government caused his alleged injuries; and, accordingly, he could not survive summary judgment.  In support, the Government provided the affidavit of Dr. Charles Adams, a non-BOP physician, who, after reviewing Frazier's medical records, concluded his treatment conformed to all applicable standards of care.

Frazier opposed the motion, primarily by claiming Dr. Warren's diagnosis (attached to his complaint) established the essential elements of his claim.  Frazier also maintained he met his burden of proof because he had informed the court he was awaiting an affidavit from Dr. Warren (although he did *not* request a continuance).  Lastly, Frazier contended: he had never been examined by Dr. Adams; and the record did not indicate whether he was a certified dermatologist.

In a subsequent 3 December 2012 order, the district court ruled Texas law applied because the alleged malpractice took place in Texas. Order Granting Mot. for Summ. J. at *6–7, *Frazier v. United States*, No. 3:11-CV-434 (W.D. Tex. 3 Dec. 2012).  Citing Texas law, the court noted expert testimony was required because the mode or form of treatment for Frazier's condition was "not a matter of common knowledge or within the experience of the Court".  *Id.* at *9.  The court considered and discussed Frazier's documentation relating to Dr. Warren, in which he "cited options including . . . bactrim . . . , Accutane, and surgery (The most definitive treatment is surgical [excision] to be done by plastic surgery or general surgery) to remedy [the] condition".  *Id.* (internal quotation marks omitted).  The court ruled this documentation did not

"support Frazier's assertion . . . that his 'serious medical condition . . . [could] *only* be treated with general surgery'". *Id.* (emphasis by district court). Based on the record, the court could "only agree with the Government that Frazier has failed to support his allegations with any expert medical evidence or testimony". *Id.* at \*10. Accordingly, the court granted the Government's summary-judgment motion, based on Frazier's failure to establish the essential elements of his claim. *Id.*

## II.

At issue are whether the district court erred:  by dismissing Frazier's claim that Appellees were deliberately indifferent to his medical needs due to disputed issues of material fact regarding impermissible motive; in, according to Frazier, applying Texas medical-malpractice law to Frazier's FTCA claim and dismissing the claim without inquiry pursuant to *United States v. Gaubert*, 499 U.S. 315, 322–25 (1991) (Frazier raises *Gaubert* for the first time on appeal; it provides a two-part test for determining whether the discretionary-function exception applies once invoked by Government); by failing to allow Frazier, pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), to challenge the evidence provided by Dr. Adams; and by failing to grant a continuance for Frazier to conduct discovery and secure an expert witness.

In addition to these issues, in July 2013, Frazier filed motions with this court to strike the footnotes, and order Appellees to correct page citations, in their brief, as well as to impose sanctions. The motions were carried with the case.

## III.

Frazier's motions are DENIED. Essentially for the reasons stated by district court in its well-reasoned orders, the judgment is AFFIRMED.