In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-3415

REGINALD YOUNG,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 17-cv-946-JPG-RJD — **J. Phil Gilbert**, *Judge.*

SUBMITTED MAY 30, 2019 — DECIDED NOVEMBER 4, 2019

Before WOOD, *Chief Judge*, and EASTERBROOK and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Illinois requires the plaintiff in a medical-malpractice suit to file an affidavit stating that "there is a reasonable and meritorious cause" for litigation. 735 ILCS 5/2-622. The plaintiff needs a physician's report to support the affidavit's assertions. The report must show that the physician has reviewed the plaintiff's medical records and must justify the conclusion that "a reasonable and meri-

torious cause" exists. This requirement applies to malprac-tice litigation in federal court because §5/2-622 is a substan-tive condition of liability. *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014).

*Hahn* was a private suit. Today's suit is against the Unit-ed States under the Federal Tort Claims Act, which says that the United States is liable to the same extent as a private per-son. 28 U.S.C. §1346(b)(1). The only way to make the United States liable to the same extent as a private entity is to apply §5/2-622. So other courts of appeals have held with respect to equivalent statutes in other states. See *Frazier v. United States*, 560 F. App'x 320, 323–24 (5th Cir. 2014); *Littlepaige v. United States*, 528 F. App'x 289, 292–93 (4th Cir. 2013); *Smith v. Unit-ed States*, 498 F. App'x 120, 121–22 (3d Cir. 2012); *Swails v. United States*, 406 F. App'x 124, 125 (9th Cir. 2010); *Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 53–54 (10th Cir. 2003). None of those decisions carries precedential force, but the conclusion is compelling. The language of §1346(b)(1) shows that §5/2-622 must apply in suits against the national gov-ernment, just as it applies in suits against private physicians. And we held in *Gipson v. United States*, 631 F.3d 448, 451–52 (7th Cir. 2011), that an Indiana statute requiring an expert's report to show the standard of medical care applies under the FTCA. The reasoning of *Gipson* is equally applicable to a statute such as §5/2-622.

Reginald Young, a federal prisoner, filed this suit alleging that physicians at his prison committed malpractice by not performing or authorizing surgery to correct a cataract that causes blurred vision and headaches. Two physicians rec-ommended surgical intervention, but others disagreed; Young maintains that the two physicians' recommendations

prove that the lack of surgery is medical malpractice. But Young did not provide, with the complaint or later, an affidavit complying with §5/2-622, nor did he ask any physician to prepare the sort of report that would have accompanied such an affidavit. Instead he asserted that a recommendation for surgery is the only medical document he needs. The district judge disagreed and granted a motion by the United States to dismiss the complaint or for summary judgment. 2018 U.S. Dist. LEXIS 151134 (S.D. Ill. Sept. 5, 2018).

The judge did not state which of these requests was being granted, and the difference is potentially important. A motion to dismiss asserts that the complaint is defective. A motion for summary judgment asserts that the evidence of record would not permit a reasonable jury to find for the non-moving party. A prisoner may have insuperable difficulty obtaining a favorable physician's report before filing a complaint, so if a complaint not accompanied by a §5/2-622 affidavit is defective, many a prisoner will be unable to litigate a malpractice claim. But if a prisoner or other *pro se* plaintiff has until the summary judgment stage to comply with the state law, information obtained in discovery may allow a physician to evaluate the medical records and decide whether there is reasonable cause for liability.

Section 5/2-622(a) requires the affidavit and report to be attached to the complaint unless an exception applies, and the litigants in *Hahn* assumed that this is when the documents must be filed. Because timing was not contested in *Hahn*—the debate concerned whether the affidavit and report were required at all—our decision did not produce a holding on that topic. And having given the matter some thought, we now conclude that a complaint in federal court

cannot properly be dismissed because it lacks an affidavit and report under §5/2-622. As we observed in *Cooke v. Jackson National Life Insurance Co.*, 919 F.3d 1024, 1027 (7th Cir. 2019): "Many cases hold that federal, not state, rules apply to procedural matters—such as what ought to be attached to pleadings—in all federal suits, whether they arise under federal or state law. See, e.g., *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010); *Burlington Northern R.R. v. Woods*, 480 U.S. 1 (1987); *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980); *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir. 1994)."

Rule 8 of the Federal Rules of Civil Procedure specifies what a complaint must contain. It does not require attachments. One can initiate a contract case in federal court without attaching the contract, an insurance case without attaching the policy, a securities case without attaching the registration statement, and a tort case without attaching an expert's report. Supporting documents come later. Section 5/2-622 applies in federal court to the extent that it is a rule of *substance*; but to the extent that it is a rule of *procedure* it gives way to Rule 8 and other doctrines that determine how litigation proceeds in a federal tribunal.

Section 5/2-622 itself allows delay in filing the affidavit and report when, for example, the time to obtain a report would prevent suing within the statute of limitations (§5/2-622(a)(2)) or records needed for evaluation are unavailable (§5/2-622(a)(3)). At least the second of these exceptions likely applies to Young's suit. But these exceptions are accompanied by language that excuses the defendant from answering the complaint until the affidavit and report have been filed. Just as Rule 8 specifies what must be in a complaint, so Fed.

R. Civ. P. 12(a)(1) tells us when the answer is due. A defendant in federal court may ask a district court for an extension but cannot rely on state law as canceling or deferring the need to answer a complaint.

Illinois wants insubstantial medical-malpractice suits resolved swiftly. That goal can be achieved in federal court under summary-judgment practice, because Fed. R. Civ. P. 56(b) allows such a motion to be filed "at any time". A defendant may submit a motion with its answer and ask the court to grant summary judgment because the plaintiff has not supplied the required affidavit and report. And just as §5/2-622(a)(3) allows extra time if necessary to provide the reviewing physician with vital information, so Rule 56(d) allows a district court to grant extra time to the nonmovant to gather essential evidence. The state substantive goal and the federal procedural system thus can exist harmoniously.

By requesting summary judgment as an alternative to its motion to dismiss the complaint, the United States put Young on notice of the need for an affidavit and report. In the ensuing six months he did not try to comply. Instead he argued that two physicians' recommendations in favor of surgery sufficed. The district judge replied:

> No medical record Young has submitted indicates (1) that the doctors making the records had reviewed all of Young's medical records and other relevant documents, (2) that there was "reasonable and meritorious cause" for filing a medical malpractice action, or (3) the reasons for that conclusion. It is true that the authors of [some] medical records recommended a different course of treatment than Young received, but in medicine there is often a range of reasonable treatments, and a doctor's recommending one course does not necessarily imply that a doctor who choses [sic] another commits malpractice. This is why the certificate of merit [i.e., the documents under §5/2-622] requires not a state-

ment that a *course of treatment* desired by the plaintiff is "reasonable and meritorious" but a statement that the medical malpractice *cause of action* is. Young has provided no such statement in this case.

2018 U.S. Dist. LEXIS 151134 at *6 (emphasis in original). We agree with this analysis, which means that the judgment must be

AFFIRMED.