NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2020[*]
Decided January 22, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1575

| | |
|---|---|
| PCA CAPITAL PARTNERS, INC., *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 11470 |
| G&M INTERNATIONAL, LLC, *Defendant-Appellant.* | John Z. Lee, *Judge.* |

**O R D E R**

G&M International, LLC, defaulted on a financing agreement with PCA Capital Partners. PCA (at the time, PCS Receivables Corporation) sued G&M and its manager for breach of contract and sought the outstanding balance. The defendants raised several affirmative defenses in response, but the district court rejected them and entered summary judgment for PCA. We affirm because, regarding the two affirmative defenses

---

[*] We granted the appellant's motion to waive oral argument, and the appeal is therefore submitted on the briefs and the record. FED. R. APP. P. 34(a)(2)(C).

G&M presses on appeal, G&M has not established that PCA waived its breach of contract claim or should be equitably estopped from suing over the breach.

In 2009, PCA and G&M entered into a financing agreement under which PCA loaned G&M approximately $6 million. The loan was secured by a note and was personally guaranteed by G&M's manager, George Matthews. The note was to be paid in full immediately upon an event of default. Later that year, G&M defaulted on its obligations by, among other things, obtaining cash advances over the maximum amount allowed by the agreement. PCA sent a notice of default to G&M and Matthews and declared the balance of the loan due immediately.

As of 2016, neither G&M nor Matthews had paid the outstanding balance. PCA sued both defendants in federal court for breach of contract, seeking $3.3 million in damages, plus interest and attorney's fees. The parties agreed that Illinois law applied. (The district court had diversity jurisdiction under 28 U.S.C. § 1332 because the damages exceeded the jurisdictional minimum and because PCA, a corporation, is a citizen of Illinois, Matthews is a citizen of Georgia, and the members of G&M, a limited liability company, are citizens of Georgia, Missouri, and North Carolina.) In its original complaint, PCA alleged that G&M and Matthews breached the contract (1) in 2009 when they failed to pay the balance upon default; (2) in 2013 when they sold a substantial portion of G&M's assets without first seeking consent from PCA; and (3) yearly between 2009 and 2016 when they failed to provide PCA with financial statements. PCA later amended its complaint and focused only on the 2009 default.

PCA moved for summary judgment. In response, G&M and Matthews did not contest the fact of their default; instead, they argued that the affirmative defenses of waiver and equitable estoppel barred PCA from recovering for the breach. As to waiver, G&M argued that, because PCA's original complaint alleged multiple events of default between 2009 and 2016, but PCA did not sue until 2016, it "waived" its claim that the 2009 default constituted a material breach. Alternatively, G&M contended that PCA should be estopped from raising its breach of contract claim because it allegedly lied about the existence of the agreement to G&M's new manager in 2014. In support of this argument, G&M provided a letter from the president of PCA that stated the note had been foreclosed upon in 2009 and "[a]t this time there is no note."

The district court entered partial summary judgment in favor of PCA. The court noted that G&M and Matthews had not contested their default and found them to be in breach of the financing agreement and guaranty. But the court determined that PCA

had not sufficiently proved the amount of damages. Turning to G&M's waiver defense, the court reasoned that the allegations in PCA's original complaint did not survive the amended complaint, and thus rejected G&M's contention that PCA had waived its narrower breach of contract claim in the amended complaint. Regarding estoppel, the court concluded that G&M had not established that it relied to its detriment on any misrepresentation made by PCA. The parties later entered a consent judgment in which they stipulated to the amount of damages, and G&M reserved the right to appeal.

At the outset, we acknowledge PCA's request to strike G&M's brief for failure to comply with Federal Rules of Appellate Procedure 28 and 30. We do not disagree with PCA's contention, but we can discern G&M's arguments, so we proceed to the merits.

On appeal, G&M challenges only the district court's rejection of its two affirmative defenses; it does not contest the conclusion that PCA established all the elements of a breach of contract. (Matthews did not join the appeal.) G&M first contends that, under Illinois law, the allegations in PCA's original complaint should be considered binding evidentiary admissions that PCA considered the financing agreement in effect long after the 2009 default, thereby establishing that PCA waived any claim that the contract was materially breached in 2009. *See Knauerhaze v. Nelson*, 836 N.E.2d 640, 658–59 (Ill. App. Ct. 2005). But federal courts sitting in diversity apply federal procedural rules, not state rules. *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019). Under federal rules, an unverified complaint—such as the original complaint here—does not, as G&M suggests, constitute a binding evidentiary admission. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). Instead, the later complaint supersedes the earlier complaint, and the earlier allegations are abandoned, *see Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 890 (7th Cir. 2016), even when the two pleadings contain contradictory claims. *See Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 783 (7th Cir. 2013). G&M submitted no other evidence in support of its waiver defense, so summary judgment for PCA was proper.

G&M next contends that the district court erred in rejecting its equitable estoppel defense. According to G&M, PCA lied in a 2014 letter when it told G&M's management that there was "no note," while continuing to hold G&M to its obligations. (PCA needed to conceal the note, G&M claims, to effect a scheme to purchase all of G&M's assets, preventing G&M from ever being able to comply with its obligations under the financing agreement.) We agree with the district court that G&M's theory is "ill defined," particularly as a defense to this breach of contract suit for events that occurred

five years before the allegedly false statement. *See Boyer v. Buol Props., LLC,* 22 N.E.2d 389, 405 (Ill. App. Ct. 2014) ("The general principle behind equitable estoppel is that, where a person's statements or conduct induce a party to take or forbear from action, that person will not be allowed to deny her words or acts to the detriment of the other party."). Further, G&M must show not only that PCA made a false statement, but also that G&M relied on it and was prejudiced as a result. *See In re Scarlett Z.-D.,* 28 N.E.3d 776, 784–85 (Ill. 2015). So even if we accepted G&M's dubious premise that PCA's 2014 statement that there was "no note" was meant to convey (falsely) that it had forgiven G&M's obligations, G&M did not submit any evidence in support of the other elements. And nothing in G&M's brief illuminates what it did—or did not do—in response to the 2014 statement that would render it inequitable to allow PCA to pursue damages for the 2009 default. Thus, summary judgment for PCA was also appropriate on this defense.

AFFIRMED