NOTICE

Decision filed 03/10/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210057-U

NO. 5-21-0057

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| GEOFFREY W. FREEMAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 20-LM-117 |
| | ) | |
| DAVID M. PRICE, M.D., | ) | Honorable |
| | ) | Ella L. York, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justice Moore concurred in the judgment.
Justice Wharton specially concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's dismissal of plaintiff's complaint is affirmed where plaintiff's as-applied constitutional challenge to section 2-622 of the Code has no merit and plaintiff refused to attach a section 2-622 certificate to either his original or amended complaint.

¶ 2    Plaintiff, Geoffrey W. Freeman, appeals the trial court's order dismissing his complaint and denying his motion for leave to file an amended complaint for medical malpractice due to Freeman's refusal to include an affidavit or a report of merit, pursuant to section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 2018)). On appeal, he argues that the trial court erred by dismissing his complaint without first addressing his as-applied constitutional challenge. He further contends the dismissal was erroneous because a section 2-622 affidavit and report were unnecessary because defendant, David Price, M.D., was not an audiologist, the motion

1

to dismiss was improperly filed under section 2-615 of the Code (*id.* § 2-615), and the trial court did not allow him time to respond to the motion to dismiss before dismissing the claim. Finally, Freeman argues that the trial court abused its discretion by denying his motion for leave to file an amended complaint. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On March 30, 2020, Freeman, a prisoner at Pontiac Correctional Center, filed a complaint against David Price. The complaint alleged that on or around May 13, 2019, Freeman was taken to Price for a bilateral hearing aid fitting and, while fitting the device, Price lacerated his right inner ear and did not advise him of the injury. Freeman claimed it was not until July 19, 2019, that Price advised him of the injury. Freeman's complaint claimed "acts and omissions" by Price that included failing to inform him of the severity of the injury and causing him pain and suffering from the injury. Freeman also claimed that section 2-622(g) of the Code (*id.* § 2-622(g)) was unconstitutional as applied to him because his health care was dependent on State-provided physicians "that [were] prohibited by D.O.C. policy from subscribing to any proceeding or matter not related to a State cause of action" and he was an indigent prisoner.

¶ 5    Freeman's affidavit verified the claims in his complaint but added that he was a prisoner with no funds to defray the cost of securing the services of any physicians in accordance with section 2-622(g). No medical report was attached to the complaint.

¶ 6    On October 9, 2020, Price filed a motion to dismiss Freeman's complaint pursuant to section 2-615 of the Code (*id.* § 2-615). The motion was based on Freeman's failure to attach either a section 2-622 affidavit or a health professional's report that "a reasonable and meritorious case for the filing of the action exists." On November 9, 2020, the trial court issued a docket entry order granting the motion to dismiss and dismissing Freeman's complaint.

2

¶ 7    On December 1, 2020, Freeman filed a motion for leave to file an amended complaint. The motion claimed that Price was not a licensed audiologist and therefore section 2-622 was not applicable. Freeman also filed a motion to strike Price's motion to dismiss because it was filed under section 2-615 instead of section 2-619 of the Code (*id.* § 2-619).

¶ 8    Prior to the trial court ruling on the motion for leave, Freeman filed his first amended complaint with the court on January 15, 2021. The amended complaint alleged a new location for Price's current employment, classified Price as an "alleged audiologist," referenced an Illinois Department of Corrections (IDOC) settlement, and alleged that the prison's physician, Dr. Tilden, refused to provide a section 2-622 report because such act would place liability on IDOC.

¶ 9    On February 1, 2021, Price filed an objection to Freeman's motion for leave to file an amended complaint based on the lack of a section 2-622 affidavit or report. On February 2, 2021, the trial court denied Freeman's motion for leave to file the amended complaint because Freeman "failed to attach an affidavit of merit as required." The trial court noted that Freeman's "case remains dismissed." Freeman appealed on March 2, 2021.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, Freeman contends that the trial court's dismissal was erroneous because the court failed to address his as-applied challenge regarding section 2-622 or develop facts to determine if the applied challenge was proper. He further contends that the trial court's dismissal of his complaint was in error because the dismissal (1) afforded section 2-622 protection to Price without first determining whether Price was an audiologist, (2) failed to allow Freeman time to respond to Price's motion to dismiss before dismissing the original complaint, and (3) allowed for dismissal under section 2-615 instead of section 2-619. Freeman further argues that the trial court's denial of his motion for leave to file an amended complaint was an abuse of discretion. In response,

3

Price urges affirmation of the dismissal of Freeman's complaint and denial of Freeman's motion for leave.

¶ 12                    Section 2-622 Dismissal—Freeman's As-Applied Challenge

¶ 13    Section 2-622 requires a plaintiff's counsel, or a *pro se* plaintiff, to attach an affidavit to the complaint attesting that (1) the affiant either consulted and reviewed the facts of the case with a health professional qualified as per the statute and said health professional prepared a written report finding the plaintiff's claim to be a reasonable and meritorious cause of action; or (2) the affiant was unable to obtain a consultation prior to the expiration of the statute of limitations; or (3) the affiant was unable to obtain the report due to medical records being untimely produced. 735 ILCS 5/2-622(a)(1)-(3) (West 2018). If the affiant's statement is based on the timely consultation with a qualified health professional, a copy of the health professional's report must also be attached to the complaint. *Id.* § 2-622(a)(1).

¶ 14    Freeman first argues that the trial court's dismissal of his complaint was erroneous because the court failed to address his as-applied constitutional challenge regarding section 2-622 or develop facts to determine if the as-applied challenge had merit. "[I]n an as-applied challenge, 'a plaintiff protests how an enactment was applied in the particular context in which the plaintiff acted or proposed to act, and the facts surrounding the plaintiff's particular circumstances become relevant.' " *Jackson v. City of Chicago*, 2012 IL App (1st) 111044, ¶ 26 (quoting *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008)). "In short, an as-applied challenge 'requires a party to show that the statute violates the constitution as the statute applies to him.' " *Id.* (quoting *People v. Brady*, 369 Ill. App. 3d 836, 847 (2007)).

¶ 15    Here, Freeman's original complaint claimed that section 2-622(g) is unconstitutional as to him, because he is "an indigent prisoner whose health care is dependent upon State provided

4

physicians that are prohibited by D.O.C. policy from subscribing to any proceeding or matter not related to a State cause of action." No further allegation was provided in the initial complaint. Freeman's amended complaint alleged that his "ability to comply with 735 ILCS 5/2-622 depend[ed] on I.D.O.C. physicians to certify an [*sic*] meritorious claim."

¶ 16 We do not find the trial court's failure to address the "as-applied" challenge erroneous. Our supreme court previously addressed the constitutionality of section 2-622 and found that it did not violate the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, § 1), the right of court access found in the Bill of Rights of the Illinois Constitution (Ill. Const. 1970, art. I, § 12), the right of court access found in the first amendment of the United States Constitution (U.S. Const., amend. I), the equal protection and due process clauses of both the federal and state constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2), and was not special legislation in violation of the Illinois Constitution (Ill. Const. 1970, art. IV, § 13). *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 68-76 (1992).

¶ 17 It is well established that the purpose of the statute requiring a malpractice plaintiff to obtain an expert affidavit stating there is a reasonable and meritorious cause for filing of action is to eliminate frivolous lawsuits at the pleading stage. *Fox v. Gauto*, 2013 IL App (5th) 110327, ¶ 16. Contrary to Freeman's claim, the statute provides no requirement that a plaintiff use a health professional from whom the plaintiff previously received medical services to prepare the report. Nor is there any statutory requirement that the health professional authoring the report examine the plaintiff. As such, Freeman's reliance on the fact that he only has access to IDOC physicians while imprisoned is unwarranted. Our conclusion is further supported by the statute which allows a plaintiff to file an affidavit indicating that the *medical records* necessary to prepare the report have been requested, but not yet received. 735 ILCS 5/2-622(a)(3) (West 2018). As such, the

statute does not limit a plaintiff's certifying health professional to one that requires physical access to the plaintiff.

¶ 18    Nor does Freeman's claim of being an indigent prisoner merit consideration. Both state and federal courts have repeatedly required inmate compliance with section 2-622. See *Moss v. Gibbons*, 180 Ill. App. 3d 632 (1989); *Young v. United States*, 942 F.3d 349 (7th Cir. 2019); *Bommersbach v. Ruiz*, 461 F. Supp. 2d 743 (S.D. Ill. 2006).

¶ 19    More importantly, Freeman's as-applied challenge provides no argument as to how section 2-622 violates either the state or federal constitutions as applied to him. In fact, Freeman's complaint fails to allege, address, or provide any argument in support of his "as-applied" challenge that relates to any constitutional provision or delineate any of Freeman's rights that were allegedly infringed by the statute. As such, we find that remand for the trial court to address his as-applied challenge is unwarranted.

¶ 20                                    Price's Credentials

¶ 21    On appeal, Freeman contends that he is not required to obtain a section 2-622(a) certificate because Price is not an audiologist. Review of Freeman's complaint contradicts this claim. The initial complaint affirmatively stated that David Price "has been, at all times relevant to this complaint, [an] audiologist" in Carbondale, Illinois. No allegation within the initial complaint contradicted the statement. We acknowledge that Freeman's initial complaint requested the relief of Price's "audiology qualifications as of May 13, 2020." However, this relief was not directed to anything or anyone and Freeman pled nothing that would entitle him to the vague relief requested.

¶ 22    Moreover, the application of section 2-622 is determined by the nature of plaintiff's claim. *Cohen v. Smith*, 269 Ill. App. 3d 1087, 1093 (1995). "The question is whether 'the plaintiff seeks damages for injuries *** *by reason of* medical, hospital, or other healing art *malpractice*' ***."

6

(Emphases in original.) *Id.* (quoting 735 ILCS 5/2-622 (West 1992)). Freeman's complaint alleged "medical, hospital, or other healing art malpractice," as it sought damages stemming from Price's failure to notify Freeman of the severity of his injury caused by a procedure performed by Price. These allegations concern Price's medical judgment. Regardless of Price's actual qualifications, Freeman was therefore required to provide a section 2-622(a) affidavit and corresponding medical report attesting to the merit of his claim. Freeman provides no compelling reason or argument to allow for deviation from the statutory language.

¶ 23    Freeman also claims that Price's counsel committed a fraud on the court because he stated that Price was an audiologist. We do not find this claim well founded. Careful review of Price's motion to dismiss reveals that counsel merely reiterated Freeman's allegations. None of counsel's pleadings alleged or confirmed that Price was an audiologist, and we decline Freeman's request to refer counsel to the ARDC.

¶ 24                    Lack of Time to Respond to the Motion to Dismiss

¶ 25    Freeman also argues that the trial court erred by not allowing him time to respond to the motion to dismiss prior to issuing its ruling and claims a due process violation stemming from the trial court's action. This claim is not well taken. The First Judicial Circuit local rules state, regarding any pre- or posttrial motion, that "[a]ny party that opposes such a motion shall within ten days of its filing submit an answering memorandum containing the reasons for opposition together with citations of relevant authority." 1st Judicial Cir. Ct. R. 2.1(B) (Apr. 16, 2018). After the 10-day period expires, the clerk refers "the motion papers and the case file to the court for appropriate disposition." *Id*. 2.1(C).

¶ 26    Here, Price's motion to dismiss was filed on October 9, 2020. Based on the First Judicial Circuit rules, Freeman's response was due by October 19, 2020. The trial court's November 9,

7

2020, docket entry order was issued well after the 10-day period expired. "A local rule has the force of a statute and is binding on the trial court as well as the parties." *Premier Electrical Construction Co. v. American National Bank of Chicago*, 276 Ill. App. 3d 816, 834 (1995). As such, we find that Freeman's claim that the court issued its order "without providing the plaintiff any opportunity to be heard" has no merit.

¶ 27                                 Section 2-615 Motion

¶ 28    Freeman also argues that the trial court's dismissal of his complaint under section 2-615 was erroneous because the statute requires a section 2-619 motion. Freeman's argument is based on section 2-622(g), which states, "The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619." 735 ILCS 5/2-622(g) (West 2020). We review this issue *de novo*. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47.

¶ 29    A motion to dismiss under section 2-615 challenges a complaint's legal sufficiency based on defects apparent on the face of the complaint. *Id*. More explicitly, the motion "shall point out specifically the defects complained of." 735 ILCS 5/2-615(a) (West 2020). In ruling on a motion to dismiss, the court must accept all well-pleaded facts, as well as any reasonable inferences to be drawn therefrom, as true. *Khan*, 2012 IL 112219, ¶ 47. As a result, a defendant may properly raise an affirmative defense in a section 2-615 motion if the defense is apparent from the face of the complaint. *R&B Kapital Development, LLC v. North Shore Community Bank & Trust Co.*, 358 Ill. App. 3d 912, 921 (2005); *Fillmore v. Walker*, 2013 IL App (4th) 120533, ¶ 28.

¶ 30    A section 2-619 motion permits dismissal based on certain defects or defenses and provides that the motion must be supported by affidavit where the grounds do not appear on the face of the complaint. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485 (1994). Section 2-619 permits

8

dismissal where a plaintiff's claims are "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2020).

¶ 31    A convergence between the two sections exists where an affirmative defect is apparent on the face of the complaint. *Illinois Graphics*, 159 Ill. 2d at 486. Here, while section 2-622 states that the failure to file the certificate "shall" be grounds for dismissal under section 2-619, the language does not preclude a dismissal under section 2-615, which allows for dismissal due to an obvious defect with the complaint. Even if the trial court dismissed the complaint on an improper ground, this court may affirm the decision if the record supports dismissal of the complaint. *Garrick v. Mesirow Financial Holdings, Inc.*, 2013 IL App (1st) 122228, ¶ 28. As there is no dispute that Freeman failed to attach the required section 2-622 certificate, we affirm the trial court's dismissal of Freeman's complaint pursuant to section 2-622(g) of the Code.

¶ 32                    Denial of Motion for Leave to File Amended Complaint

¶ 33    Finally, Freeman argues that the trial court's denial of his motion for leave to submit an amended complaint was erroneous. A trial court's denial of a motion for leave to submit an amended complaint is reviewed for an abuse of discretion. *Loyola Academy v. S&S Roof Maintenance*, 146 Ill. 2d 263, 273-74 (1992). *Loyola* identified four factors in determining whether a trial court abused its discretion in denying a litigant an opportunity to amend; however, only one is applicable here, and considers whether the proposed amendment would cure the defective pleading. *Id.* at 273.

¶ 34    A court is not required to dismiss a complaint with prejudice due to the failure to attach a section 2-622 certificate. *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill. 2d 188, 192 (1987). Instead, a party should be allowed to amend a complaint to include a section 2-622 certificate

9

especially when the plaintiff expresses a desire to be given leave to file an amended complaint that includes the missing certificate or raises a new legal theory. *Id.* at 193-94.

¶ 35    Here, while his motion for leave was pending, Freeman filed his first amended complaint. As with the original, the amended complaint failed to include a section 2-622 certificate. Instead, the amended complaint continued to argue that Freeman was exempt from the statutory requirement. As nothing in Freeman's initial, or amended complaint, requested leave to file a complaint that complied with the law, we find that the trial court's denial of Freeman's motion for leave to amend was not an abuse of discretion.

¶ 36                                III. CONCLUSION

¶ 37    For the reasons stated herein, we affirm the trial court's dismissal of Freeman's initial complaint and its denial of Freeman's motion for leave to file an amended complaint.


¶ 38    Affirmed.

¶ 39    JUSTICE WHARTON, specially concurring:

¶ 40    While I agree with the legal soundness of the majority's order affirming the trial court's dismissal of Freeman's medical malpractice complaint for failure to attach an affidavit or a certificate of merit as required by section 2-622 of the Code of Civil Procedure (735 ILCS 5/2-622), I write separately to highlight the injustice that may result from requiring Illinois Department of Corrections (IDOC) inmates, who may be indigent and may have meritorious claims, to obtain a certificate of merit to pursue a claim for negligent medical treatment, in concert with documented deficiencies in IDOC health care services.

¶ 41    While the majority frames its holding by stating that Freeman "refused" to attach an affidavit or a report of merit to his complaint, the reality is that Freeman attempted to obtain a

certificate. However, Freeman's attempt to convince an IDOC physician to provide a certificate of merit was unsuccessful. Moreover, Freeman stated that he was indigent and lacked the financial means to obtain a certificate and report from a private physician.

¶ 42     Illinois inmates have historically encountered "sweeping problems in medical care at the state's prisons ranging from unqualified and incompetent physicians and nurses to woeful record-keeping and poor sanitation." https://www.chicagotribune.com/news/ct-illinois-prison-medical-care-met-20150519-story.html. The American Civil Liberties Union (ACLU) filed a civil rights suit in 2010 that was granted class-action status in 2017 to include all prisoners in the custody of IDOC. https://www.aclu-il.org/en/cases/lippert-v-godinez. The ACLU alleged that "[t]he State's prison healthcare is grossly underfunded, badly managed, and deeply dysfunctional, resulting in needless, painful delays in treatment, mismanagement of common chronic conditions, and preventable death." A second report in 2018 found that the reality of inadequate medical care in Illinois prisons was more pervasive. https://www.chicagotribune.com/news/breaking/ct-met-illinois-prison-health-lawsuit-20190103-story.html. Finally, in early 2019, the State of Illinois entered into a consent decree in federal district court and agreed to overhaul medical care provided within IDOC. *Id.* "The agreement *** contains specific qualifications for physicians and other providers, requires the upgrading of health care space and equipment, the hiring of staff members dedicated to infection control, the development of an electronic medical records system and the implementation of a stringent quality assurance program." *Id.* An independent monitor was appointed by the court. The first report filed by the monitor with the federal court in late 2019 detailed incredible deficiencies in medical care inside Illinois prisons. https://www.aclu-il.org/sites/default/files/field_documents/lippert_v_jeffreys_consent_decree_first_report_of_the_

11

monitor_0.pdf. In June 2021, the plaintiffs in *Lippert v. Jeffreys* filed its motion to enforce the consent decree claiming that the State of Illinois was not in compliance in the following four areas: "(1) completion of the staffing analysis and Implementation Plan; (2) creation of a comprehensive quality assurance program and audit function; (3) agreed data and information reports required to be submitted on a regular basis to the Monitor and Plaintiffs; and (4) oversight review of Wexford Health Sources, Inc.'s 'collegial review/utilization management' denials." See https://www.uplcchicago.org/file_download/inline/fd45a317-f257-482c-a6fb-af00933d5e66. The most recent report filed in late September 2021 by the monitor reflects ongoing problems in overhauling the system. https://www.aclu-il.org/sites/default/files/field_documents/lippert_-_fourth_report_of_court-appointed_expert.pdf.

¶ 43   Freeman's malpractice claim originated in 2019 during his incarceration. He filed his complaint in March 2020 and indicated by affidavit that he was a prisoner without funds to obtain a medical report to support his complaint. While I am aware of the cases cited by the majority that an Illinois inmate is not relieved of the obligation to obtain a section 2-622 certificate, none of the cases cited involved a stated claim of indigency as the foundation for the inmate's failure to attach the mandatory certificate. See *Moss v. Gibbons*, 180 Ill. App. 3d 632 (1989) (inmate's consultation affidavit was deemed deficient because it was not based upon a written medical report of a reviewing health professional and the report did not identify reasons for the health care professional's determination that the inmate had a meritorious cause of action); *Young v. United States*, 942 F.3d 349 (7th Cir. 2019) (inmate's Federal Tort Claims Act for medical malpractice could not be dismissed because the inmate did not attach a rule 2-622 affidavit and report, but that same failure barred his federal claim); *Bommersbach v. Ruiz*, 461 F. Supp. 2d 743 (S.D. Ill. 2006) (finding that the correct remedy for the inmate's failure to attach a rule 2-622 affidavit and medical

report was dismissal without prejudice). Nevertheless, our legislature has determined that a *pro se* plaintiff is required to attach a written report of a health professional finding that the plaintiff's claim is "reasonable and meritorious." And, I have found no case law making indigency an exception.

¶ 44    The rationale for requiring a section 2-622 certificate is to reduce the number of frivolous malpractice lawsuits (*Fox v. Gauto*, 2013 IL App (5th) 110327, ¶ 16), and thus to shield medical professionals from having to combat frivolous claims. That purpose, however valid, in certain cases also has the undesired effect of denying a remedy to disadvantaged prison inmates who lack financial resources to obtain the required health care professional report. Obviously, not all medical malpractice claims filed by Illinois inmates are frivolous and patently without merit, and yet without the monetary resources to finance a health care professional's report, those claims go unheard.

¶ 45    Here, Freeman was referred to an outside medical provider. He alleges that this outside provider lacked the requisite specialty qualifications, and that he received negligent medical care. I note that one of the primary issues addressed by the consent decree involved providers who were unlicensed     or     had     inadequate     education     and/or     credentials. https://www.chicagotribune.com/news/ct-illinois-prison-medical-care-met-20150519-story.html

¶ 46    In the future, some of the issues of inadequate medical care may be remedied as the independent monitor works to make changes within the system to ensure the State's compliance with the terms of the consent decree. Currently, however, Freeman and other similarly situated allegedly indigent inmates who have received allegedly inadequate medical care, if they are in fact indigent and their claims meritorious, are largely left without a remedy for any resulting injuries

13

because of the legislative requirement that they obtain a certificate of merit before pursuing their claims.